PROSKAUER ROSE LLP
Steven A. Sutro
One Newark Center
Newark, New Jersey 07102
(973) 274-3218
ssutro@proskauer.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
TRUSTEES of the LOCAL 813 INSURANCE TRUST    :
FUND, the LOCAL 813 PENSION TRUST FUND,      :
and the NURSES AND LOCAL 813 RETIREMENT      :
TRUST FUND,                                  :
                                             :
                              Plaintiffs,    :
                                             :         **COMPLAINT**
              - against -                    :
                                             :
A.A. DANZO SANITATION, INC.,                 :
                                             :
                              Defendant.     :
--------------------------------------------------------------------X

Plaintiffs, the Trustees of the Local 813 Insurance Trust Fund (the "Insurance Fund"), the Local 813 Pension Trust Fund (the "Pension Fund"), and the Nurses and Local 813 Retirement Trust Fund (the "Retirement Fund") (collectively referred to herein as the "Funds"), by and through their attorneys, Proskauer Rose LLP, as and for their Complaint, respectfully allege as follows:

NATURE OF THE ACTION AND JURISDICTION

1. This is a civil action brought, *inter alia*, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) (hereinafter referred to as "ERISA") and section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act") by the Trustees of the Funds for injunctive and other equitable relief and for breach of contract. This Complaint alleges that by failing, refusing or neglecting to comply with specific statutory and contractual obligations, defendant violated its collective bargaining agreements, the respective trust agreements of the Funds (the "Trusts"), the Taft-Hartley Act, and ERISA.

2. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f));

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

    (c) 28 U.S.C. § 1331 (federal question); and

    (d) 28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce).

3. Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)) and section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

PARTIES

4. Plaintiffs Trustees are the trustees of jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to collective bargaining agreements in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5), (c)(6)). The Funds are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3) and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds maintain their offices and are administered at 48-18 Van Dam Street, Suite 201, Long Island City, New York 11101.

5. The Trustees of the Funds are fiduciaries within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132), and bring this action in their fiduciary capacity.

6. At all times material hereto, defendant A.A. Danzo Sanitation, Inc. ("AA Danzo") has been a for-profit domestic corporation, having its principal place of business at 131 Scooter Lane, Hicksville, N.Y. 11801, has been an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and has been an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. Defendant AA Danzo executed collective bargaining agreements with Local 813, I.B.T. (the "Agreements"), with respect to which Plaintiffs Funds are third-party beneficiaries, and thereby agreed to comply with and to be bound by all of the provisions of the Agreements and the Trusts.

## THE AGREEMENTS AND TRUSTS

8. Pursuant to the terms of the Agreements and the Trusts, Defendant AA Danzo is required, *inter alia*, to:

   (a) pay contributions to the Funds on behalf of its employees, at the rates and times set forth in the Agreements;

   (b) submit contribution reports to the Funds;

   (c) permit and cooperate with the Funds in the conducting of audits of its books and records; and

   (d) in the event AA Danzo fails to timely pay required contributions, it is obligated to pay:

       i. interest from the date such delinquent contributions were due until the date of payment;

       ii. liquidated damages in the amount of the greater of accrued interest on the unpaid contributions or 20% of the unpaid contributions; and

       iii. all costs and attorneys' fees incurred by the Funds.

## REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS

9. Pursuant to the terms of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145), employers are required to pay contributions to the Funds in accordance with the terms and conditions of the Agreements.

10. Failure to make such payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

11. The Agreements, the Trusts and section 502 of ERISA (29 U.S.C. § 1132) all provide that, upon a finding of an employer violation as set forth above, the Funds shall be

awarded the unpaid contributions, plus interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

## AS AND FOR A FIRST CLAIM FOR RELIEF

12. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 11 of this Complaint, as if fully set forth herein.

13. Pursuant to an audit conducted by the Funds covering the period January 1, 2014 through December 31, 2015, there is due and owing to the Insurance Fund from defendant AA Danzo the amount of $14,185.00 for delinquent contributions.

14. Pursuant to an audit conducted by the Funds covering the period January 1, 2016 through December 31, 2017, there is due and owing to the Insurance Fund from defendant AA Danzo the amount of $1,428.00 for delinquent contributions.

15. Pursuant to the terms of the Agreements and Trusts (as set forth in paragraph 8(d) above), as a result of Defendant's failure to pay contributions when due for the period January 1, 2014 through December 31, 2015, and January 1, 2016 through December 31, 2017, there is due and owing to the Insurance Fund from defendant AA Danzo liquidated damages in the amount of the greater of accrued interest on the unpaid contributions or 20% of the unpaid contributions.

16. No part of the aforesaid contributions or liquidated damages contractually due has been paid by defendant, although duly demanded.

17. Defendant's failure to make payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

18.     Accordingly, pursuant to the Agreements, the Trusts, and section 502 of ERISA (29 U.S.C. § 1132), defendant AA Danzo is liable to the Insurance Fund for: (a) contributions in the amount of $15,613.00; (b) liquidated damages in the amount of the greater of accrued interest on the unpaid contributions or 20% of the unpaid contributions; (c) interest on all the delinquent contributions, and (d) reasonable attorneys' fees and costs incurred by the Insurance Fund.

### AS AND FOR A SECOND CLAIM FOR RELIEF

19.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

20.     Pursuant to an audit conducted by the Funds covering the period January 1, 2014 through December 31, 2015, there is due and owing to the Pension Fund from defendant AA Danzo the amount of $4,838.29 for delinquent contributions.

21.     Pursuant to an audit conducted by the Funds covering the period January 1, 2016 through December 31, 2017, there is due and owing to the Pension Fund from defendant AA Danzo the amount of $1,472.98 for delinquent contributions.

22.     Pursuant to the terms of the Agreements and Trusts (as set forth in paragraph 8(d) above), as a result of Defendant's failure to pay contributions when due for the period January 1, 2014 through December 31, 2015, and January 1, 2016 through December 31, 2017, there is due and owing to the Pension Fund from defendant AA Danzo liquidated damages in the amount of the greater of accrued interest on the unpaid contributions or 20% of the unpaid contributions.

23. No part of the aforesaid contributions or liquidated damages contractually due has been paid by defendant, although duly demanded.

24. Defendant's failure to make payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

25. Accordingly, pursuant to the Agreements, the Trusts, and section 502 of ERISA (29 U.S.C. § 1132), defendant AA Danzo is liable to the Pension Fund for: (a) contributions in the amount of $6,311.27; (b) liquidated damages in the amount of the greater of accrued interest on the unpaid contributions or 20% of the unpaid contributions; (c) interest on all the delinquent contributions, and (d) reasonable attorneys' fees and costs incurred by the Pension Fund.

## AS AND FOR A THIRD CLAIM FOR RELIEF

26. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

27. Pursuant to an audit conducted by the Funds covering the period January 1, 2014 through December 31, 2015, there is due and owing to the Retirement Fund from defendant AA Danzo the amount of $1,258.91 for delinquent contributions.

28. Pursuant to an audit conducted by the Funds covering the period January 1, 2016 through December 31, 2017, there is due and owing to the Retirement Fund from defendant AA Danzo the amount of $127.76 for delinquent contributions.

29. Pursuant to the terms of the Agreements and Trusts (as set forth in paragraph 8(d) above), as a result of Defendant's failure to pay contributions when due for the period January 1,

2014 through December 31, 2015, and January 1, 2016 through December 31, 2017, there is due and owing to the Retirement Fund from defendant AA Danzo liquidated damages in the amount of the greater of accrued interest on the unpaid contributions or 20% of the unpaid contributions.

30. No part of the aforesaid contributions or liquidated damages contractually due has been paid by defendant, although duly demanded.

31. Defendant's failure to make payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

32. Accordingly, pursuant to the Agreements, the Trusts, and section 502 of ERISA (29 U.S.C. § 1132), defendant AA Danzo is liable to the Retirement Fund for: (a) contributions in the amount of $1,386.67; (b) liquidated damages in the amount of the greater of accrued interest on the unpaid contributions or 20% of the unpaid contributions; (c) interest on all the delinquent contributions, and (d) reasonable attorneys' fees and costs incurred by the Retirement Fund.

WHEREFORE, Plaintiffs Funds demand judgment against defendant AA Danzo:

(a) in the amount of $23,310.94 for delinquent contributions,;

(b) for liquidated damages in the amount of the greater of accrued interest on the unpaid contributions or 20% of the unpaid contributions;

(c) for accrued prejudgment interest on all contributions pursuant to the Agreements, the Trusts and § 502(g)(2) of ERISA;

(d) for reasonable attorneys' fees and costs pursuant to the Agreements, the Trusts and § 502(g)(2) of ERISA; and

(e) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 17, 2018

        PROSKAUER ROSE LLP
        Attorneys for Plaintiffs

By: _/s/ Steven A. Sutro_
     Steven A. Sutro
One Newark Center
Newark, New Jersey 07102
(973) 274-3218
ssutro@proskauer.com